### JONES v. HUNTER.

### Opinion delivered November 27, 1916.

1.  APPEAL AND ERROR—ERRONEOUS RULING OF LAW—DUTY TO EXCEPT.— Where the appellant is dissatisfied with a ruling of the circuit judge in a matter of law, that ruling should be brought before the court by an appropriate exception, and where appellant failed to except to the ruling of the circuit judge in refusing to grant a requested instruction, the objection to the judge's ruling, if made, will be treated on appeal as abandoned, and cannot be reviewed by this court.

2.  APPEAL AND ERROR—PRESERVING EXCEPTIONS TO RULINGS OF CIRCUIT JUDGE.—Matters constituting alleged errors of the circuit court must

appear in the bill of exceptions, and a mere recital of them in the motion for a new trial is insufficient, if they do not appear in the bill of exceptions.

3. BOUNDARIES—LANDS FORMED IN A NAVIGABLE STREAM—OWNER-SHIP.—Under Kirby's Digest § 4918, all land which is formed in the navigable waters of this State and within the original boundaries of a former owner of land upon such stream, shall belong to such former owner and his grantees.

4. APPEAL AND ERROR—VERDICT OF JURY—FINALITY.—Where there is testimony of a substantial character to support the verdict of the jury, it will not be disturbed on appeal, although the verdict appears to be against the weight of the evidence.

5. EVIDENCE—BOUNDARIES—CIVIL ENGINEERS.—The testimony of civil engineers who surveyed the land in controversy, is competent in an action to determine the ownership of an island formed in a navigable stream.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellants instituted this action in the circuit court against appellees to recover possession of an island in the Arkansas River opposite the river front just below Riverside Addition to the city of Van Buren, in Crawford County, Arkansas. Appellants claim that they are the owners of the fractional west half of section 31, township 9 north, range 31 west, in Crawford County, Arkansas, and that the island is a part of the lands embraced in their deeds.

At the time of the original government survey in 1829, the Arkansas River was the west boundary line of said section 31. The channel of the river shifted west from where it was when the original survey was made. Much of the land in the west fractional half of section 31 has caved into the river and a long narrow irregular shaped island has formed in the river opposite the lands remaining in the fractional half of section 31. The island has been in process of formation for thirty-five years. It first appeared as a sand-bar in the river, and was gradually built up so that vegetation and timber began to grow on it, and it has steep bluff

banks on the west side. Appellees went into possession of the island and have cleared about 200 acres of it. The main channel of the river is on the west side of the island, but according to the testimony of appellees, there is a well defined channel between the island and the main land in said section 31, and the water varies in depth from one to ten feet the year around. All the witnesses admit that in high water the channel between the island and the mainland on the east side of the island is navigable. Witnesses for appellees say the channel between the island and the mainland in said section 31 is several hundred feet wide in low water. On the other hand witnesses for appellant say that it becomes so narrow in places that a person with a pole might jump over it.

Appellees went into possession of the island in 1908 and 1909, and have put in cultivation about 200 acres of it. According to the testimony of appellants, the island was formed within the boundaries of the fractional west half of section 31 as it was originally surveyed. or at least that part of the island was within such limits.

On the other hand the testimony of appellees shows that the island is not within the boundaries of the fractional west half of section 31 as it was originally surveyed. Other facts will be stated or referred to in the opinion.

The jury returned a verdict in favor of appellees, and from the judgment rendered, appellants prosecute this appeal.

*W. H. Neal* and *E. L. Matlock* for appellants.

1. This suit is based upon Kirby's Digest, § 4918. Appellees acquired no title prior to the passage of the act of April 26, 1901. This court takes judicial notice that the Arkansas River is a navigable stream, and that land measurements terminate at the river at the limit of riparian ownership. 88 Ark. 308. Kerr was in possession of the island when the act was passed. The writer of this act had in mind the decision in 61 Ark. 92.

Appellants are not barred by the seven years' statute. The deeds to appellants conveyed the river front all the way across section 31, and had the legal effect of conveying all the land susceptible of ownerhsip to the main channel of the river, including all accretions and the island. 61 Ark. 429; 71 *Id.* 390; 73 *Id.* 199; 55 Conn. 292. All the land which formed. back within the original boundaries belonged to the owner of the abutting shore. 61 Ark. 429.

2. The undisputed evidence shows that appellants have title to all the land between the levee and the river; that the river runs on the west side of the island, and that the island is land susceptible of ownership within the meaning of the law; that on the west side of the island next to the main channel is a well-defined river bank high. and precipitous; that the slough has filled in from the river; that appellants hold title to the abutting west one-half of section 31, and have been in continuous possession since 1901. The appellees fail to show title by adverse possession. The burden was on them, and they have failed. 57 Ark. 97; 65 *Id.* 422; 79 *Id.* 109; 110 *Id.* 571.

3. It was error to permit Bell to testify. He only stated conclusions. The same objection is made to Burn's testimony and Hunter's.

4. The court erred in refusing instructions 2, 3 and 7, asked by plaintiffs; also in refusing No. 9 and in giving No. 2 for defendants. Ejectment is a possessory action, and may be maintained in all cases where there is a legal right of possession against one wrongfully in possession. 41 Ark. 465.

5. Under the decision in 61 Ark. 429, appellants take to the main channel of the river, including all land within the original boundaries and the accretions thereto.

*Sam R. Chew* for appellees; *J. E. London* of Counsel.

1. Appellants claim under section 4918, Kirby's Digest. This statute says nothing about accretions or

the rights of riparian owners. It only vests in the owner of the land bordering on the river all lands which have formed within the original boundaries of the owner. The proof fails to show this. The doctrine of accretion has no place in this cause and further the land formed was not an accretion, because the river between appellants' land and the island was navigable in ordinary stages of water.

2. The lands were not within the original boundaries of appellants' lands. This burden of proof was on appellants and they failed. Under the proof the verdict was rightfully for appellees, and there was no error in the instructions nor in the admission of evidence.

HART, J., (after stating the facts). This suit is based upon section 4918 of Kirby's Digest, which reads as follows:

"All land which has formed or may hereafter form, in the navigable waters of this State and within the original boundaries of a former owner of land upon such stream, shall belong to and the title thereto shall vest in such former owner, his heirs or assigns, or in whoever may have lawfully succeeded to the right of such former owner therein. Provided, that nothing herein shall be construed to affect the rights or interest of third parties in any such land acquired before the passage of this act."

(1) The act in question was approved April 26, 1901, and appellees do not contend that they had acquired any rights in the island prior to the passage of the act. The Arkansas River is a navigable stream. According to the original survey, the west boundary line of the fractional west half of section 31, referred to in the statement of facts, was the Arkansas River. A large quantity of the land in the fractional west half of section 31 caved into the river and an island formed in the river opposite the mainland at this point. According to the testimony of Bell, a civil engineer, a part of the island is within the limits of the fractional west

half of section 31, but the greater part of it extends westward beyond the limits of that section as originally surveyed. Appellees asked the court to instruct the jury that if any of the land in the fractional west half of section 31, as it was originally surveyed, has caved into the river and that even a part of the land in controversy formed in the river within the original boundaries, the verdict of the jury should be for the appellants even though the jury might also find that the land so formed now extends beyond the original boundaries. They asked this instruction on the theory that if a part of the land formed within the original boundaries of the former owner, the title thereto vested in appellants under section 4918 of Kirby's Digest, and that they would acquire title to that part of the island which extends beyond the boundaries of the former owners by accretion. Under the state of the record presented to us, we can not consider this supposed assignment of error. The bill of exceptions does not show that any objection was made to the ruling of the court in refusing this instruction or that any exceptions were saved to its ruling in that regard. If a party is dissatisfied with the ruling of the circuit judge in a matter of law, that ruling should be brought before this court by an appropriate exception, and as there were no exceptions to the action of the court in refusing the instructions, the objection to the ruling of the court, if made, must be treated as abandoned, and there is nothing for review here. *Dunnington* v. *Frick Co.*, 60 Ark. 250; *Bluff City Lumber Co.* v. *Floyd,* 70 Ark. 418; *Ward* v. *Fort Smith Light & Traction Co.,* 123 Ark. 548.

(2-3) It is true the supposed assignment of error appears in the motion for a new trial, but that is not the place to set out the matter constituting an alleged error. The motion for a new trial constitutes an assignment of error, but not the matter upon which the assignment is based. The bill of exceptions must contain a history of the trial, including the matter which was assigned as error. Merely reciting the matter in a motion for a new trial is not sufficient. *Harrelson* v.

*Eureka Springs Electric Co.* 121 Ark. 269.  Appellants in their motion for a new trial also assigned as error the action of the court in giving certain instructions, but for the reason just given, we can not consider these alleged assignments of error.  The court told the jury that the Arkansas River is a navigable stream and that the statute quoted above relating to the ownership of lands formed in navigable rivers is applicable to the Arkansas River.  It further told the jury that all land which is formed in the navigable waters of this State and within the original boundaries of a former owner of land upon such stream shall belong to such former owner and his grantees.  It also specifically told the jury that if it should find from a preponderance of the evidence that after the land described in the complaint was patented by the United States on the 13th day of April, 1836, any of the land within the limits of the original boundary of the ownership of the patentee's was swept away by the waters of the Arkansas River, and that the land in controversy has since formed in the river within the original boundaries of the patentee's, then its verdict should be for the plaintiffs who are the appellants here.  The court also instructed the jury that appellants must recover upon the strength of their own title.

(4)  According to the testimony of appellees themselves, and that of a civil engineer, none of the island formed in the river within the original boundaries of a former owner of the land, within the meaning of section 4918 of Kirby's Digest.  Hence there was testimony of a substantial character to support the verdict of the jury, and under the settled rules of this court we can not disturb it even though we might think it was against the weight of the evidence.

(5)  Again appellants ask that the judgment be reversed because the court erred in permitting witnesses, Bell and Burn and appellees, Hunter and Bradley, to testify that the land described in the deeds to appellants did not extend onto the island or embrace any part of it.  Their objection to the testimony is that

it was a conclusion of law and as such was not admissible in evidence. We do not agree with counsel for appellants in this contention. Bell and Burn were civil engineers and Bell made a survey showing the location of the island with reference to the mainland and also a map thereof. He also examined a map showing the original survey. Burn also examined these maps and both of them testified as to the particular facts showing the location of the island with reference to the mainland, and then stated that the island was not included within the limit of the grant to appellants, and we think their testimony was competent. Hunter and Bradley were appellees and helped to make the survey. They had lived on the island since 1908. They testified that they were familiar with the boundary lines of the grantor of appellants. They had also lived in that community for many years and were familiar with the lands in question, and their location. All these facts were stated in detail by them to the jury, and we think their testimony was competent.

The judgment will be affirmed.