FERGUSON *v.* HUDSON.

## Opinion delivered March 29, 1920.

1. EJECTMENT—RIGHT TO BETTERMENTS.—Where defendants in an action of ejectment sought to recover betterments on 100 acres of land, a finding that they were not *bona fide* claimants, and therefore not entitled to value of improvements, will be sustained by proof that their title was limited to 6.89 acres and was derived from a mere squatter.

2. CONSTITUTIONAL LAW—RIGHT TO ASSAIL VALIDITY OF ACT.—Where plaintiffs purchased from riparian owners land claimed to be accretions, defendants who did not trace their title from any riparian owner can not assail Special Acts 1919, No. 85, as being an attempt of the State to dispose of accretion lands, title to which was necessarily in riparian owners.

3. PUBLIC LANDS—DISPOSITION OF.—The control and disposition of State lands is a legislative prerogative, and may be exercised by either general or special enactment or both.

4. CONSTITUTIONAL LAW—LEGISLATIVE QUESTION.—While the Constitution provides that a special law can not be enacted where a general law can be made applicable, the necessity for a special law is within the discretion of the Legislature. So Special Acts 1919, No. 85, authorizing conveyance of an island to a named individual can not be attacked as an attempt to supplant general act No. 282 of 1917.

Appeal from Jefferson Circuit Court; *T. M. Hooker,* Special Judge; affirmed.

*Arthur D. Chavis,* for appellant.

1.   Special Act No. 85, Acts 1919, is unconstitutional and the Hudson deed granted under it conveys no interest in the lands to Hudson. If the land was an island, Hudson could have bought it under the general act No. 282, Acts 1917, and it suspends the operation of a general act for the benefit of a special person or individual if it is an island. If it is an accretion, the act No. 85 is unconstitutional, as the State had no interest in the land and could not authorize the Land Commissioner to sell land the State did not own. If an accretion, the riparian owner had a vested interest which the Legislature could not divest. 14 Ark. 447; 26 *Id.* 527; 5 *Id.* 510; 68 *Id.* 333.

2. The land was in litigation and a suit pending when act 85 was passed and the act is retroactive and void. 58 Ark. 117. It is inhibited by the Constitution. 103 Ark. 452; 26 *Id.* 523; 36 *Id.* 166. See further as to the invalidity of the special act. 85 Ark. 171; 77 *Id.* 250. The act suspends the operation of general act No. 282 of 1917, and in conflict with our Constitution cases *supra.*

*Rowell & Alexander,* for appellees.

1. No error in the court's finding that appellants were not *bona fide* claimants of the lands in controversy and not entitled to betterments.

2. The act is not invalid nor unconstitutional on the ground that is was a special act intended to supersede a general act. The matters discussed by counsel for appallents are out of the record, there being no testimony to sustain them. W. C. Hudson was the riparian owner of the land on the south bank of the Arkansas River adjoining the land in controversy, and if an accretion he was the owner. Neither Mrs. Ferguson nor McAdams was an original claimant under the act of 1917. The county surveyor gave his opinion that the land was an accretion. After the passage of act No. 85 Hudson purchased any possible interest the State may have had and also the interest of Mrs. Ferguson. The State had absolute control of her public lands and disposed of the land in controversy by a valid act of the Legislature, and the Legislature is the sole judge of whether it was a general or special act. The deed of the Land Commissioner is conclusive, and no exceptions were saved to the findings of the court as to the law or facts. 70 Ark. 418. No errors were committed by the court below.

HUMPHREYS, J. Appellees instituted suit against appellant in the Jefferson Circuit Court, to recover about 100 acres of land, located in the Arkansas River, particularly described in the complaint by metes and bounds, which particular description is omitted from the opinion on account of its length. Appellee W. C. Hudson alleged ownership by virtue of a State deed from Wm. B. Owen,

State Land Commissioner, of date February 18, 1919, executed pursuant to special act No. 85 of the Acts of the General Assembly of 1919; also by deed from the Packingtown Realty Company, riparian owners of the land on the south bank of the river immediately opposite and connecting with the lands in controversy, of date October 31, 1918. Appellee A. H. Rowell alleged ownership to an undivided one-half interest in said lands by deed of date July 18, 1919, from W. C. Hudson and wife.

Appellant R. E. Ferguson answered, disclaiming any interest in the lands, except as tenant of H. A. Petty. Appellant H. A. Petty answered, claiming title under the following conveyances: Deed of date February 14, 1914, from I. F. Long to Roy E. Ferguson; deed of date March 9, 1917, from Roy E. Ferguson and wife to said appellee; and also claimed title by adverse possession. By way of further defense, said appellee claimed betterments to the value of $2,000.

By consent, the cause was submitted to the court, sitting as a jury, upon the pleadings and evidence adduced, which resulted in a judgment for the possession of the land against appellants, and $250 as damages for the unlawful detention thereof. From that judgment, an appeal has been duly prosecuted to this court.

The facts material to a determination of the issues on appeal are, in substance, as follows: A. H. Rowell purchased an undivided one-half interest in said lands from W. C. Hudson, who had, prior thereto, purchased the lands from Packingtown Realty Company, riparian owners of the lands on the south bank of the river, adjoining the lands in controversy. The State of Arkansas claimed title to the lands by virtue of it being an island. Minnie E. Ferguson and S. A. McAdams were seeking to secure it from the State on that ground, under Act No. 282, Acts of the General Assembly of 1917, but neither was an original claimant under the provisions of the act. There being a dispute as to whether the land in controversy was an island or an accretion to the land on the south bank of the river, the State Land Commissioner

had a survey made of it by the county surveyor of Jefferson County. The report of the county surveyor found it to be an accretion to the adjoining lands. After the survey of the county surveyor and report to the Land Commissioner, said special act No. 85 was passed by the Legislature of 1919, reciting that the report of the county surveyor of Jefferson County found the lands to be accretion and that W. C. Hudson, one of the appellees herein, was the owner of the lands in controversy by purchase from the riparian owners. The act provided that the Commissioner of State Lands should convey all the title, legal and equitable, which the State owned by virtue of act 282 of the Legislature of 1917 to said W. C. Hudson, upon the payment of $1.25 per acre to said State. Upon the payment of said sum by W. C. Hudson to the State, the Land Commissioner executed a deed to him, describing the land in controversy in conformity to said act.

I. F. Long, whose source of title was not shown, conveyed 6.89 acres of land to Roy E. Ferguson on the 14th day of February, 1914, who took possession of a part of the lands in controversy and conveyed 6.89 acres thereof to appellee A. H. Petty on March 9, 1917. Thereafter, Roy E. Ferguson became a tenant of H. A. Petty and remained in possession of the land. During the time Roy E. Ferguson occupied the land, he cleared about eighty acres and constructed a house at a cost of $1,400. The rental value of the land was shown to be, in the years 1917, 1918 and 1919, in the neighborhood of $200 a year. On the same day, R. E. Ferguson and wife conveyed the land to H. A. Petty, who executed a deed reconveying it to R. E. Ferguson, but the evidence is in dispute as to whether the deed from Petty to Ferguson was ever delivered.

It is first insisted by appellants that the judgment is not supported by sufficient legal evidence. The contention is made that appellees acquired title by adverse possession. The undisputed facts show to the contrary. The proof fails to show that H. A. Petty and his grantors occupied the land prior to February 14, 1914. This suit was filed and summons issued on July 19, 1919, less than

seven years after the date of the conveyance from I. F. Long to Roy E. Ferguson.

It is next contended that the court erred in finding that appellants were not *bona fide* claimants, and in denying them compensation for betterments. It is in evidence that Roy E. Ferguson obtained a conveyance from I. F. Long, whose source of title was not disclosed, to 6.89 acres of the land in controversy; that in his subsequent conveyance to H. A. Petty he only conveyed that amount of land, although there were 100 acres ·in the tract to which appellants laid claim. These facts were sufficient upon which to base a finding ·and decree that appellants were not *bona fide* claimants of the land, under color of title, believing themselves to be the owners thereof.

Again, appellants contend that appellees' title is based upon an unconstitutional act of the Legislature, and, for that reason, the court erred in adjudging the lands to appellees. Act No. 85, Acts of the General Assembly of 1919, upon which appellees rely for title, is challenged as being unconstitutional, for the reason, first, that it is an attempt on the part of the State to dispose of accretion lands, the title of which was necessarily in the riparian owners, and not in the State; second, that it is unconstitutional as an attempt on the part of the Legislature to suspend Act No. 282, Acts of the General Assembly of 1917, which was a general act providing for the sale and disposition of islands formed in navigable rivers or streams which belong to the State of Arkansas.

(1) The undisputed evidence in the case showed that appellees were the purchasers of said land from the riparian owners, if accretion and not island lands; so the passage of an act authorizing the conveyance of lands as accretion lands to the purchaser thereof from the riparian owner could not affect or harm appellants, and, for that reason, can not be assailed by appellants as an unconstitutional act.

(2) If the lands in controversy had been island land, which was a disputed question of fact in the case,

the passage of act No. 85, Acts of 1919, authorizing a conveyance thereof by the State to W. C. Hudson for $1.25 per acre did not operate as a suspension of general act No. 282, Acts 1917, for the benefit of a particular individual. Its effect was to withdraw the land in question from the operation of said act No. 282, on account of the doubtful title of the State of Arkansas to said land under said act 282, growing out of a dispute as to whether the lands were island or accretion lands, and to provide for its disposal in another manner. The general act remained in full force and effect as to all islands not withdrawn from its operation and otherwise disposed of. The control and disposition of State lands is a legislative prerogative and may be exercised by general or special enactment, or both. It is true, as contended, that under the Constitution, a special law can not be enacted where a general law can be made applicable, but the necessity for a special law is within the discretion of the Legislature. Courts will not encroach upon the discretion, unless the law itself is in conflict with an express provision of the State or Federal Constitution. Special act No. 85, Acts of 1919, was not, therefore, unconstitutional, as suspending the operation of general act No. 282, Acts 1917.

No error appearing, the judgment is affirmed.