LEWIS *v.* OWEN.

Opinion delivered December 13, 1920.

MANDAMUS — DETERMINATION OF LAND COMMISSIONER.—Under Acts 1917, p. 1468, authorizing the Commissioner of State Lands to dispose of islands in the navigable streams of the State, and providing that his determination of facts should be final, in the absence of fraud or collusion, *held* that the commissioner's decision that the land which petitioner sought to buy was not an island can not be corrected or controlled by mandamus.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*T. J. Wear* and *James B. McDonough,* for appellants.

1. The complaint states a cause of action entitling plaintiff to mandamus. Acts 1917, p. 1468.

2. The duty of the commissioner is ministerial, purely. If he had any *discretion,* he could not *arbitrarily* refuse to issue the deed. 62 S. E. 695; 22 L. R. A. (N. S.) 735; 57 S. E. 1099; 80 S. W. 1158; L. R. A. 1916, p. 1148. The land was an island and belonged to the State. 73 Ark. 199; 53 *Id.* 314; 61 Mo. 345; 117 *Id.* 33; 137 *Id.* 271; 100 Ark. 28; 17 A. & E. Enc. Law 530; 67 Pac. 564; 84 N. W. 950. The act of 1917 was upheld in 219 S. W. 11. The of 1917 was not repealed by any subsequent act. There is no express repeal and no conflict. 28 Ark. 317; 29 *Id.* 225; 92 *Id.* 600; 101 *Id.* 238; 112 *Id.* 437; 123 *Id.* 184; 131 Ark. 227, 481; 76 *Id.* 443; 92 *Id.* 660; 132 *Id.* 450.

3. Mandamus was the remedy. 80 S. W. 1158; 39 A. & E. Ann. Cases 1148; 18 R. C. L., § 39, p. 126. See, also, 18 R. C. L., p. 293, § 226, § 228, p. 294. The court erred in sustaining the demurrer. .

*John D. Arbuckle,* Attorney General, and *Pryor & Miles,* for appellee.

1. The finding of the commissioner is conclusive. Acts 1917, vol. 2, p. 1468. No fraud or collusion is shown and mandamus will not lie. 14 Ark. 687. 20 Ark. 337 is not similar. If an island, it would belong to the State, but the final determination of this question is for the Land Commissioner; but the matter is for his discretion and can not be controlled by mandamus. 26 Ark. 482; 76 N. W. 482; 25 Cyc. 155; 94 Ark. 423.

2. Act 344, Acts 1919, repealed act 282, Acts 1917. 82 Ark. 302; 88 *Id.* 324; 92 *Id.* 79; 107 *Id.* 381.

Smith, J. This proceeding was brought by appellants under act 282 of the Acts of 1917, vol. 2, p. 1468. The prayer of the complaint was that a writ of mandamus issue, directing the Commissioner of State Lands

to issue appellants a deed or muniment of title to a certain island containing 131.85 acres, surveyed and platted under the directions of such Commissioner by Fulton Patterson, a land surveyor, and described by his field notes as being in sections 20, 21, 29 and 28, township 9 north, range 32 west, the same being an island in the Arkansas River. The complaint recites numerous demands on the Commissioner for his deed to said island, but that the Commissioner had informed appellants "that he had decided that said land was not an island, and was not subject to sale by the State of Arkansas, and he would, therefore, positively refuse to sell said lands to plaintiffs." A demurrer to this complaint was sustained, and this appeal is from the order dismissing it.

The order of the court below is defended upon two grounds, (1) that the finding of the Commissioner is conclusive, and (2) that the act of 1917 was repealed by act No. 344 of the Acts of 1919 (General Acts 1919, p. 256). We find the first contention well taken, and do not, therefore, consider the second one.

The Legislature constituted the Commissioner of State Lands as the agent of the State in disposing of islands in the navigable streams of the State, and by section 5 of the act of 1917 he was given a discretion in the discharge of his duties. This was done because it was necessarily contemplated that there might be conflicting applications to buy the same island, and that there might be questions of fact for the Commissioner to decide. This section 5 gives the Commissioner the right, and imposes upon him the duty, of establishing rules and regulations by which these conflicts may be determined and questions of fact decided, and provides that "the determination of the said Commissioner, in the absence of fraud or collusion, shall be final."

There is no allegation of fraud or collusion on the part of the Commissioner, but the complaint does allege that the Commissioner "arbitrarily refused to sell plaintiffs said island without any good and lawful excuse

for his said refusal." But the act confers on the Commissioner the authority only to sell islands which have formed, or may form, in the navigable streams of the State, and the complaint contains the recital that the Commissioner has announced his decision to be that the land which appellants desire to buy is not an island.

There is, therefore, no refusal of the Commissioner to act on appellants' application. It has been passed upon, and denied. The Commissioner's decision may have been erroneous, but it can not be corrected or controlled by mandamus. *Garland Power Co.* v. *State Board, etc.,* 94 Ark. 423; *Ouachita Power Co.* v. *Donaghey,* 106 Ark. 48; *Patterson* v. *Collison,* 135 Ark. 108.

Judgment affirmed.