JONES *v.* EUPER.

Opinion delivered December 22, 1930.

*Partain & Agee,* for appellant.

*C. M. Wofford* and *James Seaborn Holt,* for appellee.

Smith, J. Appellant alleged that he was the owner of certain lands forming an island in the Arkansas River near the city of Van Buren, which had been damaged by the operations of appellee company in removing sand and gravel from the river bed just above appellant's lands, thereby changing the course of the river and causing appellant's lands to cave into the river and to be washed away, and at the trial from which this appeal comes offered testimony to that effect.

It was admitted at the trial that the lands involved in this suit are the same lands which were involved in the case of *Jones* v. *Hunter,* 126 Ark. 300, 189 S. W. 1068. In that case, as appears from the opinion, the appellant there, who is also the appellant here, had sought to recover possession of the island. The suit was brought under the authority of act of April 26, 1901 (acts of 1901, page 197), which appears as § 6783, C. & M. Digest. This act provides that "all land which has formed or may hereafter form in the navigable waters in this State and within the original boundaries of a former owner of land upon such stream, shall belong to and the title thereto shall vest in such former owner, his heirs or assigns, or in whoever may have lawfully succeeded to the right of such former owner therein." The appellant—the plaintiff in that case—was unsuccessful in his attempt to show that the land—the island—there sued for had formed within his original boundaries. Thereafter he bought the title of his adversaries, Hunter *et al.,* and at the trial from which this appeal comes he exhibited their deeds to him as the source of his title to the lands which he alleged had been damaged. He had no other title. It was shown that he and his predecessors in title had been in possession of the island for more than seven years, and had paid taxes continuously for more than that period.

The trial court held that this was not a sufficient showing of title to enable appellant to maintain this suit

for damages, and this appeal questions the correctness of that holding.

We think the trial court correctly held that plaintiff —appellant—had not shown a right to recover damages to the island.

Act 282 of the Acts of 1917 (Acts 1917, vol. 2, page 1468), which appears as §§ 6796-6802, C. & M. Digest, was an act to provide for the sale and disposition of islands which had formed or which may hereafter form in the navigable rivers and streams of this State.

Section 1 of this act, which appears as § 6796, C. & M. Digest, provides that all such islands formed subsequent to the admission of the State into the Union shall be the property of the State, but be subject to sale in the manner provided by the act. The act provided the manner of sale, and gave *bona fide* claimants a preferential right to purchase at any time within one year from the date of the passage of the act. It was not contended that this right had been exercised. *Underdown* v. *Desha,* 142 Ark. 258, 219 S. W. 19; *Ferguson* v. *Hudson,* 143 Ark. 187, 220 S. W. 306; *Lewis* v. *Owen,* 146 Ark. 469, 225 S. W. 648; *Wilson* v. *Guthrie,* 155 Ark. 315, 244 S. W. 338; *Reed* v. *Wilson,* 163 Ark. 520, 260 S. W. 438; *Kissell* v. *Stephens,* 164 Ark. 195, 261 S. W. 299; *Mills* v. *Protho,* 143 Ark. 117, 219 S. W. 1017; *State* v. *Cissna,* 168 Ark. 565, 270 S. W. 963.

The title to the lands alleged to have been damaged was therefore in the State of Arkansas, and appellant has not, through his own possession and that of his grantors, acquired the title to the island, because they have not pursued the method of acquiring the title of the State which the act of 1917 provides. The State's title cannot be acquired by adverse possession. *Brinneman* v. *Scholem,* 95 Ark. 65, 128 S. W. 584; § 443, vol. 2 C. J., chapter, Adverse Possession, page 213.

As there is no showing of title, except such as might arise out of actual possession, the judgment of the court below was correct, and must be affirmed, and it is so ordered.