**WILLIAMSON v. CHICAGO MILL & LUMBER CO. et al.**

No. 2329.

District Court, E. D. Arkansas.

July 16, 1931.

Lamar Williamson, of Monticello, Ark., pro se.

C. M. Buck, of Blytheville, Ark., Orville Zimmerman, of Kennett, Mo., and Daggett & Daggett, of Marianna, Ark., for defendants.

MARTINEAU, District Judge.

The plaintiff, Lamar Williamson, seeks in this suit to quiet his title to two islands, known as Georgetown Towhead Island and Little Island, lying in the Mississippi river in Chicot county, Ark., against the claims of defendants. His title to these lands is based upon a deed issued to him by the state of Arkansas on September 27, 1929, under the Island Act (Acts Ark. 1917, No. 282, p. 1468).

Defendants say that plaintiff has no title to the lands in dispute, because the Island Act, under the terms of which the lands were deeded to him by the Commissioner of State Lands, has been repealed.

They next contend that, even if the Island Act has not been repealed, the lands in controversy are not in fact islands, but are accretions to their shore lands, and for that reason belong to them.

They further contend that they are entitled to the lands, because they have paid the taxes on them since 1901, under a survey ordered by the county judge of Chicot county, and made by the county surveyor of that county.

The Supreme Court of Arkansas in Wilson v. Guthrie, 155 Ark. 315, 244 S. W. 338, and Jones v. Euper, 182 Ark. 969, 33 S.W. (2d) 378, has held that the Island Act has not been repealed, and these decisions are binding upon this court. Plaintiff's title to these lands is good, if they are in fact islands, unless the defendant has acquired title·

through the payment of taxes under the Chicot county survey.

■ Are these lands islands in fact, or are they accretions to the defendant's shore lands?

The two islands are now completely surrounded by water at ordinary stages of the river, and during a large portion of each year boats navigate the chute separating them from the mainland. This chute has been navigable since the time these two islands, or towheads, as they were first called, were formed in the river, according to the testimony of river pilots and captains who have been working on this part of the river since these islands first appeared. The testimony of these old rivermen shows that these islands first appeared in the Mississippi river some distance from the mainland, and that when they first appeared they were sandbars or towheads, upon which no vegetation at all grew. Since that time they have gradually enlarged, spreading out in all directions, and timber of considerable size has grown upon them. During all this time, the chute has been filled with living water which flowed during a greater portion of each year, to such an extent that no vegetation ever grows upon the bottom of this chute or body of water which separates the islands from lands of defendant on the mainland, which are known as islands 80 and 81. These two latter islands have, however, long since become what would now be called the banks of the Mississippi river.

· Defendant, to prove that the islands in dispute are accretions to their lands, offered the testimony of engineers to show that islands such as these are never formed in the body of a running stream, but actually form by the water receding from the old shore line. They explain this chute by saying that after this land accreted to theirs, during times of high water it was washed out by water flowing over it.

The Mississippi river, however, does not always work according to theory, and, if the testimony of men who have been familiar with this part of the river since these islands were first formed is to be believed, we must conclude that they were formed in the body of the main stream, and not by being separated from the sandbars formed adjacent to the shore line. It is my conclusion then that these lands were islands, and that the state had the right to convey them to plaintiff under the Island Act.

■ The question of whether they are accessible to agriculture is one that cannot be raised by the defendants. The state alone could raise this question in a proper proceeding.

■ Since these were islands and not accretions, Chicot county had no authority through its county judge and surveyor to place them on the tax books. The payment of taxes by the defendant under these conditions could not deprive the state of Arkansas of its title.

The circumstances under which the timber was cut and removed from these lands by defendant does not entitle plaintiff to recover their value.

Findings of fact and conclusions of law in accordance with this opinion may be prepared and submitted for approval, and a proper decree prepared.