BUSH, RECEIVER ST. LOUIS, IRON MOUNTAIN & SOUTHERN
RAILWAY COMPANY *v.* ALEXANDER.

Opinion delivered May 13, 1918.

1.  RIPARIAN RIGHTS—ACCRETION AND AVULSION.—The owner of land
    upon a navigable stream, appellant, *held,* not entitled to land
    upon the opposite shore of the stream, the course of the stream
    having shifted.  The finding of the court, that the land claimed by
    the appellant, under the testimony, was an accretion to the land
    of the owner on the opposite side of the stream, will not be dis-
    turbed on appeal.  (*Wallace* v. *Driver,* 61 Ark. 429.)

2.  RIPARIAN RIGHTS—LAND FORMED BY ACCRETION—PAYMENT OF
    TAXES.—Appellant owned certain land on the west shore of a
    navigable stream; by a change in the stream's course it encroached
    upon appellant's land; appellant thereafter brought ejectment
    against the owner on the east bank (appellee), and claimed title
    to certain land which had been added to the land of the latter, by
    virtue of having paid taxes thereon.  *Held,* under the finding that
    the land in controversy was added to appellee's land by accre-
    tion, that appellant acquired no title thereto by the payment of
    taxes.

Appeal from Pulaski Circuit Court, Third Di-
vision; *G. W. Hendricks,* Judge; affirmed.

*C. M. Walser* and *Carmichael, Brooks & Rector,* for
appellants.

1.  The testimony does not sustain the general or
special findings of the court as to the questions of fact.

2.  The finding of the court is not sustained by the
law.  The land remained original land, because the river
made a cut-off, an avulsion, and appellants were entitled
to all accretions made to said original land.  143 U. S.
359; 36 L. Ed. 186-8; 35 Am. St. 311; 61 Ark. 429.  If the
original land never washed away, it and all accretions
belong to the original owner; if it did wash away suddenly
and refilled, plaintiffs were still entitled to said land and
all accretions.  31 L. R. A. 317; 21 *Id.* 300; 22 *Id.* 591.
See also as to navigability, river beds, etc., 138 U. S. 226;
53 Ark. 314; 8 L. R. A. 559; 43 U. S. 443; 61 Ark. 429.

3.  Even if the land washed entirely away and was
formed back within the original survey, it would belong to

appellant. Act No. 127 Acts 1901, 61 Ark. 429; Kirby's Digest, § § 4918, 5729; 36 Cyc. 1132-4; Endlich, Int. Stat., § 66; Sutherland on Stat. Const., § 212. The title of the Act of 1901 enlarges its meaning.

*Will G. Akers,* for appellee.

1. The testimony sustains the findings of the court and should not be disturbed. 90 Ark. 512; 92 *Id.* 41; 97 *Id.* 374.

2. The case should not be reversed because opinion evidence was heard.

3. Appellants can not under any circumstances recover any accretions. 143 U. S. 359. An original boundary is not changed by an avulsion. 138 *Id.* 226. See also 73 Ark. 199, 202-3; 88 *Id.* 311, 316.

4. The Act of 1901 does not apply to true accretions, but only to lands forming first as islands within the former boundaries of a riparian owner. Acts 1901, or Kirby's Digest, § 4918. The preamble and act shows the legislative intent. 106 Ark. 377. If passed to remedy the evil of the law as declared in 61 Ark. 429, it is well. This court in 73 Ark. 109 settles the questions raised here (p. 201). The Act of 1901 does not apply, as the accretions were formed and became the property of appellee's predecessors in title before the act was passed.

SMITH, J. This is a suit in ejectment to recover the possession of a tract of land described as follows: "The southwest fractional quarter (west of Arkansas River) section 31, township 1 south, range 10 west, containing, according to the United States Government survey, 15.61 acres." Title in the plaintiff is deraigned to the tract of land described. But the land sought to be recovered is not west of the Arkansas River. On the contrary, it is undisputed that the Arkansas River is now entirely west of the land. Appellants here, who were the plaintiffs below, contend that the land described, or a portion of it, remained as original land as shown by the Government survey and that the river cut across a short bend so that this land is now on its opposite bank. De-

fendant claims the land sued for as an accretion to other land owned by him.

In the brief for appellants it is said that the question for determination may be divided into two parts:

"(1)  Did the river gradually move through this land or did it cut across the short bend and leave the original land so that it was an avulsion and not an accretion?

"(2)  Since it is admitted that the land is in the same position it was originally, conceding that it did wash out gradually and form back gradually, does the act approved April 26, 1901, apply?"

And, in addition to these questions, it was insisted on the oral argument that appellants had acquired title to the land by long continued payment of taxes.

The Act of 1901 above referred to became, and is, section 4918 of Kirby's Digest.  As there found it reads as follows:

"Sec. 4918.  All land which has formed or may hereafter form, in the navigable waters of this State and within the original boundaries of a former owner of land upon such stream, shall belong to and the title thereto shall vest in such former owner, his heirs or assigns, or in whoever may have lawfully succeeded to the right of such former owner therein.  Provided, that nothing herein shall be construed to affect the rights or interests of third parties in any such land acquired before the passage of this act."

The digester omitted the preamble to the act of 1901, and it is insisted that this preamble indicated the legislative intent to change the law as announced by this court in the case of *Wallace* v. *Driver*, 61 Ark. 429. However that may be, it is conceded that any change in this land antedated both the decision of this court in the case of *Wallace* v. *Driver* and the act of the Legislature in question, so that the rights of the parties became vested prior to the passage of the act quoted, and these vested rights could not be, and were not, divested by the act passed thereafter.

The court made a number of special findings of fact and, among others, that there had been no cut-off but that the 15.61 acres had been washed away and new land later deposited by accretion in the same place, and that this accretion had been made to the lands of the defendant and that title had been thereby acquired.

In the case of *Wallace* v. *Driver* it was decided (to quote the syllabus) that "Where land of a riparian owner on a navigable stream is washed away, such owner is not entitled to recover land formed many years afterwards within his original boundaries, unless the washing away was sudden and perceptible, and the limits of the change of channel or banks can be determined, or the newly formed land was made by accretions beginning at the high water mark of such owner's remaining land."

(1) It is apparent that the law as stated when applied to the facts as found by the court leads irresistibly to the conclusion that the defendant owns the land in suit and that the judgment of the court based thereon must be affirmed, if the testimony is legally sufficient to support the findings made. It is insisted that the findings made contravene the physical facts and that these findings must, therefore, be disregarded. It is true witnesses who claimed to be skilled in determining the age of trees testified that stumps of large size are on the land now and that these stumps are over ninety years old. This testimony is very cogent and if accepted as true and uncontradicted would establish the fact that the disputed land is not an accretion. Other testimony tends to support the appellant's contention. On the other hand, other witnesses gave testimony equally as unequivocal that the land is an accretion. Witnesses who had known the locality for many years testified that they had witnessed the erosion on one bank and the accretion on the other and that they knew of their own personal knowledge that the land sued for was an accretion to defendant's land. It was the province of the trial court to pass upon the conflicts in the testimony and its action in resolving these conflicts against appellant is binding upon us.

(2) We are also of the opinion that appellant did not acquire title to the land in suit by the payment of taxes thereon. The question in the case is that of the identity of the land. If appellants had color of title to the land sued for, they had the title; but if the land was an accretion to defendant's land, then appellants had neither title nor color of title to the land and have not in fact paid the taxes thereon.

No error appearing, the judgment is affirmed .