MILLS *v.* PROTHO.

Opinion delivered March 29, 1920.

1. NAVIGABLE WATERS—ACCRETION—ISLAND.—Under Acts 1901, page 197 (Kirby's Digest, section 4918), providing that all land which has formed or may form in the navigable waters of this State within the original boundaries of a former owner of land upon such stream shall belong to and the title thereto shall vest in such former owner, *held* where a change in the course of a navigable river caused an island to form in front of plaintiff's land and within his original boundaries, which by accretion extended in front of defendant's land and within his original boundaries, plaintiff's title was limited to the part of the island within his original boundaries.

2. APPEAL AND ERROR—RIGHT TO COMPLAIN OF ERROR.—Where the decree in a suit to quiet title gave plaintiff all the land to which

he was entitled, he could not complain that the decree quieted defendant's title to portions of the land without evidence to support it.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Lewis Rhoton* and *Carmichael & Brooks,* for appellant.

1. Appellant Mills is entitled to this island by the statute and by the law of accretion. Kirby's Digest, § 4918; 53 Ark. 314.

2. He is also entitled to it by seven years adverse possession and payment of taxes, and the decree is against the preponderance of the testimony. The evidence is undisputed that the island did form within the original boundaries of Mills' land; that a large portion of it is within his boundaries and that the whole island now is one compact body as the result of accretions to the island formed within the boundaries of the land owned by Mills, and lies wholly outside of any land now or ever owned by the Prothos.

*Coleman, Robinson & House,* for appellees.

The decree here follows the statute literally and is just and equitable and should be affirmed. 61 Ark. 429; Kirby's Digest, § 4918; Acts 1901, p. 197.

McCulloch, C. J. The parties to this litigation are the respective owners of adjoining tracts of land abutting on the north bank of the Arkansas River a short distance east of the City of Little Rock. Each of the tracts form a part of what was originally described as Spanish Grant No. 2431, and the three tracts are now described as lots 1, 2 and 3, respectively, of said Spanish Grant.

Appellee Ed Protho is the owner of lot No. 1, beginning on the east, and appellant Anderson Mills is the owner of lot No. 2, and appellee H. Protho is the owner of lot No. 3. Many years ago the river shifted its course and, moving further north, encroached upon the bounda-

ries of these tracts of land and gradually washed away a considerable extent of the area, but later the course of the channel moved back again to the south, and an island was formed in front of the lands of these parties. That island is the subject-matter of the present controversy.

An extension of the original boundary lines of the tracts owned by the respective parties across the island in the channel of the river divides the island into three parts, so as to include a portion within the extended boundaries of each of these parties. The island began to form in the river-bed at a point which was originally within the boundary lines of appellant Mills and gradually grew in size and extended east and west so as to extend over and beyond each side of said original boundaries of appellant, and he asserts title not only to that part of the island which formed within his original boundary lines, but also claims the remainder of the island under the doctrine of accretion. He also asserts title to the whole of the island by adverse possession for the statutory period of limitation.

The chancellor, in his decree, denied the claim of appellant for any part of the island outside of his original boundary lines, but quieted his title within those boundary lines, and also quieted the title of the appellees, H. Protho and Ed Protho, to the other portions of the island lying east and west, respectively, of appellant's original boundary lines. Appellant was the plaintiff below and asked that his title to the land claimed be quieted by decree of the court.

In the case of *Wallace* v. *Driver,* 61 Ark. 429, which was decided on January 4, 1896, this court declared the law to be that a riparian owner whose land abutting on a navigable stream is washed away (quoting from the syllabus) "is not entitled to recover land formed many years afterward within his original boundaries, unless the washing away was sudden and perceptible, and the limits of the change of channel or banks can be determined, or the newly-formed land was made by accretions

beginning at the high water mark of such owner's remaining land.''

The General Assembly of 1901 (Acts 1901, p. 197; Kirby's Digest, section 4918) enacted a statute changing the rule of law announced in *Wallace* v. *Driver, supra,* which said statute, with its preamble, reads as follows:

''Whereas, owners of land along navigable rivers often suffer. by having such land washed away; and

''Whereas, under existing laws if such land reforms as an island in a navigable stream though within the original boundary of the former owner, it belongs not to him but to the State; therefore,

''Be it enacted by the General Assembly of the State of Arkansas:

''Section 1.  That all land which has formed or may hereafter form in the navigable waters of this State and within the original boundaries of a former owner of land upon such stream shall belong to and the title thereto shall vest in such former owner, his heirs or assigns, or in whoever may have lawfully succeeded to the right of such former owner therein.

''Section 2.  *Provided,* that nothing herein shall be construed to affect the rights or interests of third parties in any such land acquired before the passage of this act.''

It is conceded that the land in controversy was formed as an island and that it falls within the operation of the statute just referred to, but the litigants differ as to the construction of the statute.  Appellant contends that he gets not only the lands formed within his original boundaries, but that since the island began to form at a place which was originally within his boundary lines it became in the beginning his property by operation of the statute, and that all of the lands that formed thereto by gradual and imperceptible accretion became his property under the common-law doctrine of title by accretion, thus giving him title to the whole island. That. is not the effect of the statute under the proper interpretation of it.

We are not called on in this case to pass upon either the validity or effect of the statute, so far as it concerns lands formed in navigable streams to the shore line by gradual accretion, and we refrain from deciding anything in regard to that feature of the statute, but confine the present decision to the interpretation of the statute so far as it relates to islands formed in navigable streams, which, under the law as it existed prior to the enactment of this statute, belonged to the State.

This island, when formed, would, but for the operation of the statute, be the property of the State, and the rights of the parties must be restricted to such as were conferred by this statute. Islands thus formed and situated being the property of the State, it had the right to define the extent of its bounty in conferring title upon riparian owners whose lands had been washed away. The statute plainly cedes to riparian owners only so much of the lands as is formed within their respective original boundary lines. If the interpretation claimed by appellant be adopted, it would nullify the plain purpose of the statute and encroach upon the statutory rights of other owners by giving, under the common-law doctrine of accretion, the whole of the island to one within whose original boundaries it began to form, notwithstanding the fact that in its growth it extended over into the original boundaries of other riparian owners. Nothing is said in the statute about acquisition of title by accretion. On the contrary, the statute is directed to the fixing of title to lands within original boundary lines, and gives to each owner the land formed within his original boundaries.

Appellant makes complaint that there is no testimony to support the decree of the chancellor quieting the title of appellees to the land formed within their original boundaries. Conceding this to be true, it is not a matter of concern to appellant, for the reason that the court decreed to him all the portion of the island which he was entitled to.

Neither has appellant made good his plea of title by adverse possession for the statutory period of limitation. The proof shows that appellant occupied a portion of the island by tenants for more than seven years, but he did so without color of title, except as to land which lay within his original boundary lines (if it be conceded that the statute itself constitutes color of title), and he, therefore, had no constructive possession beyond the limits of his actual occupancy and original boundary lines. The lands actually occupied by appellant fell to him under the decree. Affirmed.