WARD *v.* HARWOOD.

5-3478                                      387 S. W. 2d 318

Opinion delivered March 1, 1965.

*Harper, Harper, Young & Durden,* for appellant.

*Hardin, Barton, Hardin & Jesson,* for appellee.

ED. F. McFADDIN, Associate Justice. The cause of this litigation is a tract of approximately 90 acres in,

or on the banks of, the Arkansas River in Fort Smith. The appellants call the tract "Slough Island"; and for convenience we will refer to it by that name, although one of the undecided questions is whether the land is in fact an island or an accretion. Another question, and the decisive one, is whether a 1901 enactment of the Arkansas Legislature was repealed by a 1917 enactment.

. In 1962 appellants, Claude C. Ward and J. P. Hendricks, pursuant to statutory procedure,[1] obtained a deed from the Arkansas State Land Commissioner to the so-called Slough Island.[2] Shortly after appellant's deed was placed of record two suits were filed against them. In one suit appellee Harwood claimed to be the owner of certain described lands, and prayed that the island deed to Ward and Hendricks be removed as a cloud on Harwood's title. In the second suit appellee Ingram claimed to be the owner of certain lands and prayed that the island deed to Ward and Hendricks be removed as a cloud on Ingram's title. In the course of the litigation the grantees of some of Harwood's interests and some of Ingram's interests were made parties. Ward and Hendricks defended on the basis of their island deed. The two cases were consolidated and a lengthy trial resulted in a decree adverse to Ward and Hendricks. The Chancellor delivered a written opinion[3] which has been helpful to this Court.

---

[1] The present statutory procedure is set out in Act No. 452 of 1959, which may be found as § 10-601 et seq. in the 1963 cumulative pocket supplement to the 1965 Replacement Volume of the Arkansas Statutes.

[2] The said deed to Slough Island says: "Pt. W ½ W ½ Frl. Sec. 33 and Pt. E ½ E ½ Frl. Sec. 32 in Frl. T 9 N, R 32 W; and Pt. NE ¼ NE ¼ Frl. Sec. 5, Frl. T 8 N, R 32 W; all near the Right Bank or Southerly side of the Arkansas River in Sebastian County, Arkansas; . . ." (and then follows a long metes and bounds description, the copying of which is not essential to this opinion).

[3] Pertinent excerpts from the Chancellor's opinion are: "It appears to the Court, in view of the facts established by the evidence, that it is unnecessary for the Court to determine whether Slough Island is in fact an island, since whatever it is, it was formed within the original boundaries of plaintiffs' land. Ark. Stat. Anno. 10-202. The defendants concede that the undisputed testimony shows that Slough Island did form within the original boundaries of plaintiffs' predecessors in title. But defendants contend that this section of the statute is not available to plaintiffs for the reason that this section

From the decree adverse to them, Ward and Hendricks prosecute this appeal and urge two points:

"I. The Chancellor erred in finding and holding that, even if the lands are an island, appellees are the owners thereof entitled to possession for the reason that the same had formed within the boundaries of lands belonging to appellees and their predecessors in title, thus erring:

"In holding that Section 10-202, supra (Act 127 of the Acts of Arkansas for 1901) had not been repealed by Act No. 282 of the Acts of Arkansas for 1917, as amended by Act No. 452 of the Acts of Arkansas for 1959. (Section 10-601.)

"II. The Chancellor erred in failing to find and hold that the lands in question were in fact an island at the time of the deed thereof to appellants from the Commissioner of State Lands, and that appellants were the owners thereof and entitled to possession, and in denying their prayer that appellees' claims of title thereto be cancelled as clouds upon appellants' title."

## I.

Appellants' first point presents the question whether Act No. 127 of 1901 was repealed by Act. No. 282 of 1917, as amended by Act No. 452 of 1959. Our present holding on that question is decisive of this litigation. The south boundary of the Arkansas River here involved was meandered and surveyed in August 1827, and said

was repealed by the enactment of Sec. 10-601 Ark. Stat. 1947 Anno. (1956 Replacement), . . .

"The question presented is simply did Act 282 of 1917 (Ark. Stats. § 10-601, et seq., 1956 Replacement) repeal by implication Act No. 127 of 1901 (Ark. Stats., Anno. 10-202, 1956 Replacement. . . .

"To hold that this statute was repealed by implication might result in confusion as to well established titles on navigable streams. There are no notes by the compiler of Annotated Statutes that Sec. 10-202 was repealed by the 1917 Act. So the Court finds and holds that the 1901 Act (Ark. Stat. Anno. 10-202, 1956 Replacement) is still in full force and effect. It is the further judgment of the Court that Slough Island having formed within the original boundaries of plaintiffs' land, title to said land is in plaintiffs, subject to the mineral interests above set forth, and that the State Deed should be cancelled and removed as a cloud on the title of plaintiffs."

survey showed that Sections 32 and 33 were on the south bank of the river. Section 33 was shown to be a complete section of 640 acres; and the area of Section 32 then in existence was shown to be 187.95 acres. The appellants claim that after the survey of 1827 the river cut into the south bank and by erosion took most of Section 32 and 33; that in later years the river then worked to the north and that Slough Island was formed as an island in the river. Appellants candidly admit that Slough Island as it now exists is within the land lines of appellees in Sections 32 and 33, but claim that Slough Island is a new island formed in the Arkansas River, even if it is within the land lines of the original Sections 32 and 33, as shown by the survey of 1827. In effect, appellants concede that if Ark. Stat. Ann. § 10-202 (Repl. 1956) is still the law in this State then the appellants must lose this litigation. So the decisive question is whether Ark. Stat. Ann. § 10-202 (Repl. 1957) is still in full force and effect. That section comes to us from Act No. 127 of 1901, and reads as follows:

''All land which has formed or may hereafter form, in the navigable waters of this State, and within the original boundaries of a former owner of land upon such stream, shall belong to and the title thereto shall vest in such former owner, his heirs or assigns, or in whoever may have lawfully succeeded to the right of such former owner therein.''

The history of the section is interesting. In 1896 this Court decided the case of *Wallace* v. *Driver*, 61 Ark. 429, 33 S. W. 641, which held that an island formed in a navigable stream belonged to the State, even though the island was a reappearance of land within the boundaries of the original owner. There was a vigorous dissent by Chief Justice Bunn. To overcome the effect of the holding in *Wallace* v. *Driver, supra,* the Legislature of 1901 adopted Act No. 127; and the preamble to that Act[4] is enlightening. We copy it:

---

[4] We have considered Act No. 127 in a number of cases, and some of them have been subsequent to 1917. See: *Bush* v. *Alexander*, 134 Ark. 307, 203 S. W. 1028; *Gray* v. *Malone*, 142 Ark. 609, 219 S. W. 742; *Mills* v. *Protho*, 143 Ark. 117, 219 S. W. 1017; *Simpson* v. *Mar-*

"Whereas, Owners of land along navigable rivers often suffer by having such land washed away; and

"Whereas, Under existing laws if such land re-forms as an island in a navigable stream though within the original boundary of the former owner, it belongs not to him but to the state; . . ."

In 1917 the Arkansas Legislature adopted Act No. 282 which stated that all islands formed in navigable streams belonged to the State, and gave the procedure whereby the Land Commissioner might have the island surveyed and sold.[5] In the excellent brief filed herein the appellants claim that the effect of the 1917 legislation was to entirely repeal the 1901 legislation, arguing that the 1917 legislation said that "all islands" formed in navigable streams belonged to the State; and that such language was entirely inconsistent with the 1901 Act which said that lands formed in the bed of navigable streams belonged to the former owners of surveyed lands.

After a thorough study of the question we reach the conclusion that the 1917 Act did not repeal the 1901 Act. The 1917 Act did not expressly repeal the 1901 Act; and repeals by implication are not favored. It is our duty to reconcile legislative enactments and permit both to stand if possible; and since there was no express repeal of the 1901 legislation we hold that the effect of the 1917 legislation was to say that in all cases wherein islands are formed in navigable streams *and not within the boundary lines of former owners,* then the State may sell the island. Such construction prevents an implied repeal. We are led to this holding by a number of factors, one of which is that several cases[6] have been decided since the 1917 legislation and there is no

tin, 174 Ark. 956, 298 S. W. 861; *Jones* v. *Euper*, 182 Ark. 969, 33 S. W. 2d 378; *Knight* v. *Rogers*, 202 Ark. 590, 151 S. W. 2d 669; and *Wunderlich* v. *Cates*, 213 Ark. 695, 212 S. W. 2d 556.

[5] We had occasion to consider this Act in *Rankin* v. *Williams*, 221 Ark. 110, 252 S. W. 2d 551. The procedure set out in Act No. 282 of 1917 has been changed by Act No. 452 of 1959, but the changes are only procedural.

[6] See those listed in Footnote (4), *supra.*

language in any of them indicating that the 1901 legislation was repealed.

Also of great persuasion to us is the direct holding on this point made by the United States Circuit Court of Appeals, 8th Circuit, in 1946 in the case of *Anderson-Tully Co.* v. *Murphree,* 153 F. 2d 874.[7] The same question here presented was before that Court; that is, whether the Act of 1901 was repealed by the Act of 1917, and the Court held:

"The Act of 1917 (Pope's Digest Section 8739 *et seq.*) is not so in conflict with the Act of 1901 as to require a holding that the 1917 Act repeals the prior Act. The logical method of effecting a repeal of the 1901 Act, if that were intended, would have been the enactment of an express provision to that effect. It is well settled in Arkansas and elsewhere, that repeals by implication are not favored. *Bartlett* v. *Willis,* 147 Ark. 374, 227 S. W. 596; *City Realty Co.* v. *Robinson Contracting Co.,* 8 Cir., 183 F. 176. It is equally well settled that statutes relating to the same general subject must be construed together and, if possible, effect must be given to each in order to effectuate the legislative intent. *McFarland* v. *Bank of State,* 4 Ark. 410; *Thompson* v. *Road Improvement District,* 139 Ark. 136, 213 S. W. 386; *Pace* v. *State, for the use of Saline County,* 189 Ark. 1104, 76 S. W. 2d 294.

"Section 1 of the 1917 Act declares that islands formed in navigable streams in the state are the property of the state. Subsequent sections provide for a survey of the islands and prescribe a procedure for their sale and conveyance. Section 1 may reasonably be construed as applying only to islands not affected by the Act of 1901 and as constituting a logical prelude to the real purpose of the enactment, that is, to prescribe a method of selling State owned islands so as to get them on the tax rolls and have them put to productive use. We are referred to no case suggesting that the 1917 Act had the

---

[7] This case has been subsequently cited on this point in the following: *Anderson-Tully* v. *Chicago Mill & Lbr. Co.* (8th Cir.), 175 F. 2d 735; *Bryant* v. *Chicago Mill & Lbr. Co.,* 120 F. Supp. 463, (8th Cir.), 216 F. 2d 727; and *Kimble* v. *Willey,* 98 F. Supp. 730.

effect of repealing the Act of 1901. On the contrary, the cases seem to assume that no such repeal was intended. See, for example, *Mills* v. *Protho, supra,* 1920; *Bush, Rec'r.* v. *Alexander,* 1918, 134 Ark. 307, 203 S. W. 1028; *Simpson* v. *Martin,* 1927, 174 Ark. 956, 298 S. W. 861.''

Holding, as we do, that the 1917 Act did not repeal the Act of 1901, it becomes unnecessary for us to consider the appellants' second point as to whether ''Slough Island'' is in fact an island, because if it is in fact an island the appellants cannot prevail, as we have just shown; and if it is an accretion the appellants concede that they are not entitled to prevail.

Affirmed.