## James T. CALABRIA et al *v.* THE CITY OF FAYETTEVILLE, Arkansas et al

82-141                                                   644 S.W.2d 249

Supreme Court of Arkansas
Opinion delivered December 6, 1982
[Rehearing denied January 10, 1983.]

*Cypert & Roy,* by: *Michael H. Mashburn,* for appellants.

*James N. McCord,* City Atty., for appellees.

JOHN I. PURTLE, Justice. This is an appeal from a decree of the Washington County Chancery Court declaring an ordinance of the city of Fayetteville to be valid. The decree specifically held that Fayetteville's City Ordinance No. 1661, as amended, does not take or damage appellants' property without just compensation and therefore is not in violation of Article 2 § 22 of the Arkansas Constitution. On appeal the appellants insist that Ark. Stat. Ann. § 76-2205 (Repl. 1981) and our decision in *Arkansas State Highway Comm.* v. *Arkansas Power & Light Co.,* 231 Ark. 307, 330 S.W.2d 77 (1959), mandate a reversal of the chancellor's ruling. Also, appellants argue that ordinance no. 1661 constitutes an unreasonable exercise of the police power. We agree with appellants' argument and reverse and remand.

This is a declaratory judgment action by the appellants against the appellees. The facts are stipulated and the decree was rendered upon the pleadings and stipulations. Ordinance no. 1661, as amended, provides for development of service roads along controlled access highways. This particular service road is alongside the U.S. Highway 71 by-pass in the western part of the city of Fayetteville, Arkansas. This ordinance does not apply to any area of the city except controlled access highways. The crucial clause in the contested ordinance requires the owner and developer of land abutting a controlled access highway to construct a service road at his expense and dedicate the road to the city of Fayetteville. Sections 3 (a) and 3 (c) of ordinance 1661 provide in part:

(a) . . . a service road may be constructed on state highway right-of-way by the published standards of the Arkansas Highway Department and acceptable to said Highway Department. The service road shall be provided at the expense of the developer.

(c) The service road (unless constructed on state highway right-of-way) and any property between it and the right-of-way to the controlled access highway shall be

dedicated to the City of Fayetteville upon completion and acceptance.

In the present case the highway department had instituted condemnation proceedings and taken possession of this property under an order of taking. The service road has been completed and the trial on the amount of damages to be awarded the plaintiffs is yet to follow. The appellants brought an action for a declaratory judgment after the Arkansas State Highway Commission had reduced their deposit from $102,000 to $16,000, acting in reliance upon Fayetteville City Ordinance No. 1661, as amended.

Title 76, chapter 22 of the Arkansas Statutes deals with controlled access facilities. Section 76-2205 authorizes acquisition of private property by the state, county or city for the purpose of constructing controlled access facilities and service roads. The pertinent part of this section authorizes acquisition by "gift, devise, purchase, or condemnation." All rights acquired under this section are in fee simple. There is no question but that the service road which is the subject of this action is a part of the controlled access facility. Section 76-2203 grants authority to the state, county, cities, towns and villages

> ... to plan, designate, establish, regulate, vacate, alter, improve, maintain, and provide controlled-access facilities for public use whenever such authority or authorities are of the opinion that traffic conditions, present or future, will justify such special facilities; provided, that within cities and villages, such authority shall be subject to such municipal consent as may be provided by law.

Chapter 28 of Title 19, Arkansas Statutes Annotated (Repl. 1980), authorizes building and zone regulations. Section 19-2829 (c) pertains to control of development and subdivision of land by cities and towns and states in pertinent part:

> The regulations controlling the development of land may establish or provide for the minimum require-

ments as to: information to be included on the plat filed for record; the design and layout of the subdivision, including standards for lots and blocks, street rights-of-way, street and utility grades, and other similar items . . .

The regulations . . . may provide for the dedication of all rights-of-way to the public.

When the highway commission took this property, it deposited $102,000 into the registry of the court. The taking was, no doubt, pursuant to Ark. Stat. Ann. §§ 76-2201, et seq. (Repl. 1981). Under such an action it was their duty to pay just compensation to the owners of the property. Subsequently, the highway commission discovered the existence of Fayetteville's Ordinance No. 1661 and under its apparent authority reduced their deposit by some $86,000. It is obvious the highway commission was taking advantage of the city ordinance to pay the landowner less than the actual value of the land. Act No. 383 of 1953 applies specifically to controlled access facilities. Ark. Stat. Ann. § 19-2829 is a general statute regulating various aspects of subdivisions and setting up a board of zoning adjustment. The two statutes may seem to overlap when facts develop such as exist in the case before us. We have held that a general statute does not apply if there is some specific statute on the same matter. *Williams* v. *Pulaski County Election Comm.,* 249 Ark. 309, 459 S.W.2d 52 (1970). We held in *Arkansas State Highway Comm.* v. *Arkansas Power & Light Co.,* supra, that a city could not acquire property under the guise of police power for construction of streets. That is, in effect, what the city of Fayetteville is attempting to do in the present case. However, looking in depth at the two sets of statutes, it is evident that the one (Ark. Stat. Ann. § 19-2829) deals exclusively and comprehensively with subdivisions across the state, while the other (Ark. Stat. Ann. §§ 76-2201, et seq.) addresses itself to controlled access facilities as defined in the statute. A subdivision is not a controlled access facility, even though it may abut one. It does not appear inconsistent considering the separate purposes of the aforementioned acts, that a developer should receive compensation for giving up a right-of-way along a controlled access facility while having to relinquish title and control of the streets within a sub-

division without being compensated. The General Assembly has seen fit to allow highway authorities to acquire property along access roads and compensate the owners for such property. We have many times held that it is the duty of this court to reconcile legislative enactments and permit both to stand, if possible. *Ward* v. *Harwood,* 239 Ark. 71, 387 S.W.2d 318 (1965). It is our opinion that Ark. Stat. Ann. §§ 76-2201, et seq. are applicable in this case and that Ark. Stat. Ann. § 19-2829 is not applicable under the facts as presented to us. Therefore, ordinance 1661, as amended, is in conflict with the provisions of the statute relating to controlled access facilities. If we were to permit ordinance 1661 to control, it would be a taking of private property without due process and in violation of the Constitution of the State of Arkansas, Article 2 § 22, and this we cannot allow. Therefore, the case is remanded with instructions to disregard the portions of ordinance 1661 which are in conflict with Ark. Stat. Ann. §§ 76-2201, et seq. and to otherwise proceed in a manner not inconsistent with this opinion.

Reversed and remanded.

HAYS, DUDLEY and SMITH, JJ., dissent.

STEELE HAYS, Justice, dissenting. There is some uncertainty as to whether the appellants intend to develop their 77 acre tract adjacent to U.S. Highway 71 in Fayetteville. Appellants' brief asserts there are no plans for development of the land and if that were the case, I could agree that the taking of a part of the tract for a frontage road without just compensation would violate our constitution. But the findings of the trial court reflect that appellants "desired and intended to subdivide and develop" the property and appellants take no exception to that finding in their brief. Hence, the issue is not whether appellants' property is being taken without compensation, but whether the city can lawfully place reasonable conditions on the development of subdivisions within its borders. That issue is governed by principles discussed in *Newton* v. *American Security Company,* 201 Ark. 943, 148 S.W.2d 311 (1941), and were, I think,

properly applied to the case by the trial court. I believe the case should be affirmed.

SMITH and DUDLEY, JJ., join in this dissenting opinion.