UNITED STATES of America, Appellee,

v.

Elizabeth KEENAN, Tomela Keenan, Kathrun Ann Keenan, Robert Keenan, Jr., Appellants.

No. 84–1609.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1984.

Decided Jan. 30, 1985.

Joe Bell, Little Rock, Ark., for appellant.

Fletcher Jackson, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT, ROSS, and BOWMAN, Circuit Judges.

PER CURIAM.

In 1940, Elizabeth Keenan et al. (the Keenans) purchased a tract of land bordering the south bank of the Arkansas River, along the horseshoe shaped Holla Bend. Although since at least 1828 the river channel had been encroaching slowly on what is now Keenan property, the rate of encroachment increased beginning in January 1951. In a period of thirty-one months thereafter, the river moved approximately 550 feet southward and westward, reducing the area of the Keenans' land.

In 1956, the U.S. Corps of Engineers diverted the riverflow from Holla Bend to the newly completed Holla Bend Cutoff, a straight channel which bypassed the Bend. The Corps of Engineers also built a closure structure at the head of the Holla Bend which eventually caused the water remaining in Holla Bend to evaporate, making fertile land of the Holla Bend riverbed. The land across the riverbed from the Keenans' property, bordered by the Holla Bend riverbed and Holla Bend Cutoff, is now the Holla Bend National Wildlife Refuge and is owned by the United States.

As the riverbed became dry land, the Keenans apparently began farming it, disregarding boundary markers set by the United States in the thalweg [1] of the Holla Bend. The United States then brought suit to quiet title in the land. The District Court [2] granted the relief sought by the United States, holding that title to the riverbed (from high water line to high water line) vested in the riparian owners (Keenan and United States) from their respective high water lines to the thalweg when the riverflow was diverted to the Holla Bend Cutoff. The Keenans appeal the decision of the District Court, arguing that the District Court erred in failing to apply Ark. Stat.Ann. § 10–202 in determining who held title to the Holla Bend riverbed. The Keenans argue in the alternative that the District Court erred in finding that the shift in the channel of the Arkansas River in the thirty-one months following January 1951 was the result of accretion and not of an avulsion. We reject the Keenans' argu-

---

1. The line following the main part of the flow of the river; literally, the "valley-way."

2. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

ments and affirm the judgment of the District Court.

## I

■ The Keenans first contend that the disposition of the land here at issue is governed by Ark.Stat.Ann. § 10–202:

All land which has formed or may hereafter form, in the navigable waters of this State, and within the original boundaries of a former owner of land upon such stream, shall belong to and the title thereto shall vest in such former owner, his heirs or assigns, or in whoever may have lawfully succeeded to the right of such former owner therein.

Ark.Stat.Ann. § 10–202 (1976). Thus, argue the Keenans, title to all land emerging as water from Holla Bend evaporated should vest in the Keenans since such land belonged to the Keenans prior to the earlier south-westward movement of the river. The District Court found that, as a matter of Arkansas law, § 10–202 was meant to apply only to islands emerging from the beds of navigable rivers. We agree with the District Court's construction of Arkansas law. Section 10–202 states the proposition that if land emerges from a river that has shifted course and is flowing over what was formerly dry land, then as between the state (which owns the bed of each navigable river) and the prior owner of such land, title should vest in the prior owner. *Ward v. Harwood,* 387 S.W.2d 318 (Ark.1965). This is not such a case. The state lost title to the Holla Bend riverbed when the waterflow was diverted to the Holla Bend Cutoff and the Holla Bend became non-navigable. We believe the District Court correctly decided that as a matter of Arkansas law, title to the Holla Bend riverbed vested in the riparian owners at the time of such diversion, with the boundary between the owners at the thalweg. *See Porter v. Arkansas Western Gas Company,* 482 S.W.2d 598 (Ark.1972).

## II

The Keenans also contend that the movement of the river in the thirty-one months following January 1951 was an avulsion rather than accretion. Thus, the Keenans conclude that the northeastern boundary of their land should not have been moved southwestward along with the movement of the river, but rather should have remained fixed at its January 1951 location.

■ Under Arkansas law slow change in a river's boundaries constitutes accretion. Even rapid change in a river's boundaries does not necessarily constitute an avulsion; the key test is the ability to identify land, formerly belonging to a landowner on one side of a river, now on the other side of the river. *See Porter v. Arkansas Western Gas Company, supra.*

■ We believe there to be ample evidence to support the finding of the District Court that the movement of the Arkansas River was accretion and not an avulsion. The change in the course of the river, though rapid in geologic terms, was gradual and was the result of erosion of land from the Keenans' side of the river and the deposit of land on the opposite side. The river did not abruptly change channels, and the Keenans have not shown that any land across the river is specifically identifiable as theirs.

The judgment of the District Court is affirmed.