Thomas A. Mars, Director Arkansas State Police 1 State Police Plaza Drive Little Rock, AR 72209
Dear Director Mars:
This is in response to your request for an opinion on the following question:
 Where service roads of an interstate highway are situated within the city limits of a municipality, does A.C.A. § 12-8-106(h)(1)[1]
prohibit the municipality from patrolling the service road absent authorization of the Arkansas State Police Director?
RESPONSE
The only statutory authority I have found that addresses service roads of highways involves so-called "controlled-access facilities." Assuming, therefore, that this question is asked with regard to such service roads, it is my opinion that the answer is "yes."
Section 12-8-106(h)(1) states as follows:
 Municipal police are prohibited from patrolling limited access highways, except as may be authorized by the Director of the Department of Arkansas State Police.
A.C.A. § 12-8-106(h)(1) (Supp. 1999) (emphasis added).
As you note, the emphasized term, "limited access highways," is not defined in § 12-8-106. Nor is it defined elsewhere in the Code. In fact, I have found only one other reference to this term. Chapter 20 of Title 27 (the transportation title of the Code) prohibits the operation of motorized bicycles "upon interstate highways, limited access highways, or sidewalks." A.C.A. § 27-20-111 (b) (Repl. 1994) (emphasis added). The term is undefined in this section as well.
In determining legislative intent in a case such as this, where a key term is undefined, the rules of statutory construction require that the term be placed beside other statutes relevant to the subject and given "a meaning and effect derived from the combined whole." Blytheville v.McCormick, 56 Ark. App. 149, 154, 939 S.W.2d 855 (1997). Applying this principle, I conclude that the relevant statutes are those found in Title 27 pertaining to highways, roads, and streets. Arkansas Code Title 27, Subtitle 5. After so comparing § 12-8-106 to these provisions, I find that Chapter 68 of Subtitle 5, regarding "controlled-access facilities," is the most relevant on the subject. A "controlled access facility" is a highway or street especially designed such that access is permitted only at designated points. See A.C.A. §§ 27-68-102—105 (Repl. 1994). The highway authorities may design any such highway or street and "so regulate, restrict, or prohibit access as to best serve the traffic for which such facility [i.e., highway or street] is intended." § 27-68-105. I believe it may reasonably be concluded that the term "limited access highways" in A.C.A. § 12-8-106 has reference to these "controlled-access facilities," access to which is specifically limited in accordance with §§ 27-68-101 et seq.
Turning, then, to your particular question involving service roads, I believe the answer is found in the fact that such roads and streets are specifically contemplated and authorized in connection with controlled-access facilities. See A.C.A. §§ 27-68-106, -108, and -110. Section 27-68-106 provides for the "elimination of intersections at grade of controlled-access facilities . . . by separation or serviceroad. . . ." (Emphasis added). Section 27-68-110 (a) states:
 In connection with the development of any controlled-access facility,
the state, county, city, town, or village highway authorities are authorized to plan, designate, establish, use, regulate, alter, improve, maintain, and vacate local service roads and streets or to designate as local service roads and streets any existing road or street. . . . [Emphasis added.]
See also § 27-68-108 (a) (highway authorities may acquire property "for controlled-access facilities and service roads,") and (c) (regarding the acquisition of entire lots, blocks, or tracts for a controlled-access facility "or service road in connection therewith. . . .")
I believe it is apparent from these provisions that those service roads designated and established in connection with controlled-access highways are in essence considered a part of the controlled-access facility. This view is confirmed by a case involving the condemnation of property for a service road along an interstate wherein the court made the statement that "[t]here is no question but that the service road which is the subject of this action is a part of the controlled access facility."Calabria v. City of Fayetteville, 277 Ark. 489, 491, 644 S.W.2d 249
(1982).
It is therefore my opinion that the term "limited access highways" in A.C.A. 12-8-106 (h) reasonably encompasses service roads of an interstate controlled-access highway. This would, in my opinion, include such interstate highway service roads situated within the city limits of a municipality. I find no authority for drawing a distinction based upon the location of the service road. In accordance with § 12-8-106 (h) (1), therefore, municipal police would be prohibited from patrolling the service road unless authorized by the State Police Director.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Subsection (g) (1) of § 12-8-106, cited in your request, was redesignated as subsection (h) (1) following an amendment to § 12-8-106
that is not relevant to your question.