CITY of BLYTHEVILLE *v.* Wendell McCORMICK

CA 96-644                                          939 S.W.2d 855

Court of Appeals of Arkansas
Division IV
Opinion delivered March 12, 1997

150

*Thomas N. Kieklak*, for appellant.

*Daniel G. Ritchey*, for appellee.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case was employed as a fire fighter by the appellant on October 26, 1993, when he suffered a heart attack after venti-

lating smoke from a burning building. The appellee filed a workers' compensation claim and the Commission awarded benefits. From that decision, comes this appeal.

For reversal, the appellant contends that there was insufficient evidence to support the Commission's findings that an accident caused the appellee's heart attack; that the work performed by the appellee when he suffered the heart attack was unusual and extraordinary in comparison with his usual work; and that the work incident was the major cause of the appellee's heart attack. The appellant also contends that the Commission erred in allowing policy decisions to weigh in its decision to award benefits. We affirm.

██ We first address the appellant's arguments concerning the sufficiency of the evidence to support the Commission's findings.

In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Brothers Construction*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de novo*. *Tyson Foods, Inc. v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988). In making our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *Whaley v. Hardee's*, 51 Ark. App. 166, 912 S.W.2d 14 (1995). The Commission has the duty of weighing medical evidence and, if the evidence is conflicting, its resolution is a question of fact for the Commission. *Id.* The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id.*

Viewed in the light most favorable to the Commission's findings, the record shows that the appellee was employed by the appellant as a fire fighter for approximately seven and one-half years. The appellee suffered his first heart attack in October 1992 and underwent bypass surgery. In January 1993, the appellee returned to his regular employment, which consisted of driving a fire truck when he was on duty, and doing whatever was assigned when he answered a call while off duty. The appellee had no physical limitations or health problems between his return to full-duty status in March 1993 and his second heart attack on October 26, 1993, which is the subject of the present claim. This second heart attack occurred while the appellee was venting the roof of a burning building, which involves cutting a hole in the roof and placing a pipe to allow smoke and gas to escape. In so doing the appellee was exposed to unusually heavy, dark, thick smoke. The appellee inhaled a good deal of smoke and was shaking as he climbed down from the roof. He sat down, felt sick to his stomach, and broke into a sweat. Although his chest was tight and his arm hurt, the appellee refused an ambulance and went home. However, his symptoms progressively worsened and his wife took him to the hospital. Dr. Charles Burnett, the cardiologist who treated the appellee during and following his first heart attack, opined that the appellee's second heart attack was primarily caused by his exposure to heavy smoke, which caused his blood to become hypercoagulable and resulted in the formation of a clot. Dr. Burnett testified that the risk factors contributing to the appellee's heart disease combined equalled less than ten percent as far as contributing to his second heart attack.

The appellant contends that the Commission erred in finding that an "accident" was the major cause of the appellee's heart attack. The appellant concedes that, in the context of workers' compensation law, Arkansas has long held that an injury is "accidental" if the result of the injury is unexpected, unforeseen, or unintended, but argues that this definition was the product of liberal statutory construction that may not appropriately be applied to our present workers' compensation law as promulgated in Act 796 of 1993.

█ It is true that, while the provisions of the Workers' Compensation Act were formerly construed liberally in accordance with the act's remedial purpose, Act 796 of 1993 changed former practice and mandated that both the Commission and the courts should henceforth construe the provisions of the act strictly. Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1993); *cf* Ark. Code Ann. § 11-9-704(c)(3) (1987). It is likewise true that, under former law, the Arkansas Supreme Court employed liberal construction in holding that an injury is accidental when either the cause or the result is unexpected. *Bryant Stave & Heading Co. v. White*, 227 Ark. 147, 296 S.W.2d 436 (1956). Nevertheless, we do not rely on former law or construction thereof in determining the meaning of "accident" as employed in Ark. Code Ann. § 11-9-114(a) (Repl. 1996).

█ Arkansas Code Annotated Section 11-9-114(a) (Repl. 1996) provides that a heart or lung injury or illness can constitute a compensable injury only if the major cause of the physical harm is an accident. Although "accident" is not defined in this statute, the rules of statutory construction require us to place it beside other statutes relevant to the subject and give it a meaning and effect derived from the combined whole. *Hercules Inc. v. Pledger*, 319 Ark. 702, 894 S.W.2d 576 (1995). After so comparing the statute in question to other provisions of Act 796 of 1993, we find that the legislature employs the word "accident" in the sense of an event "caused by a specific incident and identifiable by time and place of occurrence." *See* Ark. Code Ann. § 11-9-102(5)(A)(i) (Repl. 1996). In light of this construction and the evidence that the appellee suffered a heart attack caused by and immediately following his exposure to smoke while ventilating the roof of the burning building, we hold that the Commission did not err in finding that an accident was the major cause of the appellee's heart attack.

█ Nor do we think that the Commission erred in finding that the work that precipitated the appellee's heart attack was unusual and extraordinary in comparison to the appellee's usual work duties. There was evidence that the appellee was normally assigned to drive a fire truck, and that he would perform other tasks only when he answered a call while off-duty. Furthermore,

there was evidence that the appellee inhaled a good deal of smoke that was unusually heavy, dark, and thick immediately prior to his heart attack.

■ The appellant also contends that the medical evidence was insufficient to support a finding that the appellee's work incident was the major cause of his heart attack. We do not agree. Dr. Burnett's testimony indicated that the appellee's exposure to smoke while ventilating the roof was by far the major cause of his heart attack, with all other factors combined amounting to less than ten percent by comparison. Although there was medical evidence to the contrary, the Commission chose to accept Dr. Burnett's testimony. The resolution of this conflict was a question of fact for the Commission and, in light of the substantial nature of Dr. Burnett's testimony, we are powerless to reverse the decision. *Henson v. Club Products*, 22 Ark. App. 136, 736 S.W.2d 290 (1987).

■ Finally, the appellant contends that the Commission erred in giving considerations of public policy weight in construing the provisions of the Workers' Compensation Act. Although the ALJ's opinion[1] did contain a discussion of public policy concerns bearing on the application of the "extraordinary and unusual" requirement of Ark. Code Ann. § 11-9-114(b)(1) (Repl. 1996) to public servants such as fire fighters and police officers, who are exposed to extraordinary and unusual events in the course of their work, these matters have not been considered by us in construing the relevant statutes. Consequently, the appellant has not been prejudiced, and the public policy issues raised by the administrative law judge need not be decided.

Affirmed.

BIRD and STROUD, JJ., agree.

---

[1] The Commission adopted the ALJ's findings of fact and conclusions of law in the case at bar. However, it is not clear whether the ALJ's discussion of public policy was also adopted by the Commission.