The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, AR 72110-0558
Dear Senator Gordon:
This is in response to your request for an opinion regarding Act 1247 of 1997, which amends A.C.A. § 6-17-1506 to add a new subsection involving rescission of teacher contracts. The new subsection (c) provides:
 No teacher shall be required to sign and return a contract for the next school year any sooner than thirty (30) days after the contract is issued to the teacher. The teacher shall have the right to unilaterally rescind any signed contract no later than ten (10) days after the end of the school year.
Acts 1997, No. 1247, § 1 (emphasis added), codified at A.C.A. §6-17-1506(c) (Supp. 1997).
Your question pertains to the language emphasized above, and specifically the meaning of the term "school year." As you note, the term is not defined in the act. You have requested an opinion on how to determine the specific date the school year ends.
It must be initially noted that I cannot provide a controlling definition of a term which remains undefined by the General Assembly. I lack the authority to legislate a definition in this regard. Accordingly, while general rules of statutory construction offer some guidance in addressing the matter, a conclusive resolution may require legislative clarification or judicial review.
As a general matter, where a term is not defined in a statute, rules of statutory construction require that it be placed "beside other statutes relevant to the subject and [given] a meaning and effect derived from the combined whole." City of Blytheville v. McCormick, 56 Ark. App. 149,154, 939 S.W.2d 855 (1997), citing Hercules, Inc. v. Pledger,319 Ark. 702, 894 S.W.2d 576 (1995). After so comparing the statutes in this instance, it is my opinion that the "end of the school year" for purposes of § 6-17-1056(c) (see above) is the last scheduled day of student attendance in a school district as determined by the particular district's official calendar. The "school year" will thus vary from district to district to some extent. Generally, however, I believe it is reasonable to view the term "school year" from the standpoint of pupil attendance in accordance with the district calendar.
A review of A.C.A. § 6-17-1506 as a whole compels the initial conclusion that the "school year" is distinct from the teacher contract period. Subsection (a), pertaining to automatic contract renewal, gives a teacher whose contract was automatically renewed on May 1 the right to resign as long as he or she did so either during "the period of [his or her] contract or within ten (10) days after the end of the school year. . . ." A.C.A. § 6-17-1506(a) (Repl. 1993) (emphasis added). See also generally
Op. Att'y Gen. 96-164. The "period of the contract" is thus clearly distinguishable from the "school year." This distinction is also reflected in at least two other Code sections dealing with certain aspects of teacher contracts. See A.C.A. § 6-17-1001(o) (Supp. 1997) (requiring that minimum base salaries "shall be for a contract number of days that is not more than the number of days in the school year required by State Board of Education regulations for accreditation for the school year in which the contract is effective [;]" and A.C.A. § 6-10-106
(Repl. 1993) (setting uniform dates for "the first day of the school year for student attendance" and providing that "[c]ontracts of employment . . . may require school district employees to begin performance . . . prior to the first day of student attendance.")
It thus seems clear that the term "school year" in § 6-17-1506 cannot reasonably be equated with the period under a teacher's contract. Rather, as reflected in A.C.A. § 6-10-106, supra,[1] the school year is, in effect, determined by the school board of each school district, with the beginning date set "no earlier than August 19 and no later than August 26." A.C.A. § 6-10-106(a)(1). The full text of subsection (a)(1) of § 6-10-106 states:
 In each school year, the first day of the school year for student attendance in the public elementary and secondary schools of the State of Arkansas shall begin no earlier than August 19 and no later than August 26. If, however, August 18 falls on a Monday, school may begin on that date. The date for beginning the school year shall be determined by the school board of the school district. Labor Day shall be celebrated as a school holiday in all the school districts of the state, and school shall not be held on that date.
The end of the school year may also vary, depending upon various contingencies, as reflected in § 6-10-106(c).[2] But I believe the key element for purposes of your question is the fact that the "school year" is ultimately determined by pupil attendance.
In conclusion, therefore, it is my opinion that the "end of the school year" under § 6-17-1506(c) (as added by Act 1247 of 1997) is the last scheduled day of student attendance on the particular school district's calendar.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Section 6-10-106 is, in my opinion, the most relevant Code section, apart from § 6-17-1506, in considering your question as it specifically addresses school district employment contracts in relation to the "school year."
[2] This subsection provides as follows:
 If the school year in any school district extends beyond the date observed as Memorial Day, such date shall be a holiday in the district. Provided that, upon approval of the State Department of Education, this date may be used as a make-up day in any school district which has unavoidably lost more than five (5) scheduled days of student attendance during the course of the school year due to contagious disease outbreaks, inclement weather, or other acts of God.