The Honorable Lindsley Smith State Representative 340 North Rollston Avenue Fayetteville, AR 72701-4178
Dear Representative Smith:
I am writing in response to your request for my opinion on the following question:
 Does A.C.A. § 22-9-101 apply to major repairs to existing public works where the contemplated expenditure exceeds $25,000, or are the services of a registered professional engineer only required for new construction of public works?
You indicate that this question is prompted by the fact that the City of Fayetteville is planning to replace a roof on one of its buildings at the Fayetteville Municipal Airport, as well as an obsolete sprinkler system in the same building. You state that the cost of each project will exceed $25,000.
RESPONSE
It is my opinion that the requirements of A.C.A. § 22-9-101 are not limited to new construction and can apply to major repairs. I base this conclusion on the statutory language, following established guidelines for determining legislative intent. The Code section provides in relevant part:
 (a) Neither the state nor any township, county, municipality, village, or other political subdivision of the state shall engage in the construction of any public works involving engineering or architecture
for which the plans, specifications, and estimates have not been made by and the construction executed under the observation of a registered professional engineer or architect, in their respective areas of expertise, who are licensed to practice under the laws of Arkansas.
 (b) Nothing in this section shall be held to apply to any public works wherein the contemplated construction expenditure:
 (1) For an engineering project does not exceed twenty-five thousand dollars ($25,000); or
 (2) For an architectural project does not exceed one hundred thousand dollars ($100,000).
A.C.A. § 22-9-101 (Repl. 2004) (emphasis added).
The terms "construction" and "public works" are undefined, giving rise to uncertainty as to the types of "projects" covered. Of course, the basic rule of statutory construction to which all other interpretive guides must yield is to ascertain and give effect to the intent of the legislature. Thomas v. Cornell, 316 Ark. 366, 872 S.W.2d 370 (1994). To determine legislative intent, the Arkansas Supreme Court looks to appropriate sources that clarify the matter, including the language of the statute and its object and purpose. Bd. of Trustees v. Stodola,328 Ark. 194, 199, 942 S.W.2d 255, 257 (1997). See also Manning v. State,330 Ark. 699, 702, 956 S.W.2d 184 (1997). Additionally, the rules of statutory construction require that undefined terms be placed beside other statutes relevant to the subject and given a meaning and effect derived from the combined whole. City of Blytheville v. McCormick,56 Ark. App. 149, 939 S.W.2d 855 (1997). See also Stribling v. UnitedStates, 419 F.2d 1350 (8th Cir. 1969) (where interpretation of particular statute is in doubt, express language of another statute not strictly in pari materia but employing similar language and applying to similar persons and things may control by force of analogy).
Consistent with these principles, the phrase "construction of any public works" is to be construed with reference to other legislative enactments employing similar language and having a similar object or purpose. In this regard, I note that the other "public works" laws under Chapter 9 of Title 22 uniformly extend beyond new construction and also encompass repairs. Subchapter 2, governing the award of contracts, applies to "contract[s] providing for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements. . . ." A.C.A. § 22-9-203(a) (Supp. 2005). The provision in Subchapter 2 addressing subcontracts offers further insight wherein it refers to "construction work for and in the State . . . [,]" (A.C.A. § 22-9-204(a) (Repl. 2004)), "public works project[s]" (id. at (f)(1) and (2)), and "public works contracts" (id. at (3)). Although these terms or phrases are not defined, it is clear that they are used interchangeably and reflect an identity of meaning with the contracts covered by the subchapter, i.e., those for "major repairs or alterations, . . . or for making other permanent improvements." A.C.A. §22-9-203(a).
The minimum wage subchapter is also instructive, in my opinion. Subchapter 3 applies to "any public body engaged in the construction ofpublic works, exclusive of maintenance work." A.C.A. § 22-9-301 (Repl. 2004) (emphasis added). The term "construction" is defined as "construction, reconstruction, improvement, enlargement, alteration, painting and decorating, or major repair, where the cost of all labor and material exceeds seventy-five thousand dollars ($75,000)[.]" A.C.A. §22-9-302(1) (Repl. 2004) (emphasis added). "Public works" means "all works constructed for public use . . ." (excluding drainage, improvement, and levee districts). Id. at (8).
Again, the terms "construction" and "public works" clearly are not limited to new construction, and include repairs. This is also the case under Subchapter 4 with respect to contractors' bonds. Subsection 4 establishes the coverage of any bond furnished by a "public works contractor" and states in relevant part:
 All surety bonds required by the State of Arkansas or any . . . local taxing unit, or by any agency of any of the foregoing for the repair, alteration, construction, or improvement of any public works . . . shall be liable on all claims for labor and materials entering into the construction, or necessary or incident to or used in the course of construction, of the public improvements.
A.C.A. § 22-9-401(a) (Repl. 2004) (emphasis).
Consistent with the other subchapters discussed above, the term "construction" in the latter portion of this provision also clearly encompasses alterations and repairs. See also A.C.A. § 22-9-601 (Repl. 2004) (regarding retainage provisions in public construction contracts, defining a "construction contract" as "a contract between a public agency and a prime contractor which obligates the prime contractor to construct, repair, replace, or maintain improvements for the public agency[.]" Id. at (1).
Having found no basis for suggesting that A.C.A. § 22-9-101 should be given a different interpretation, it is my conclusion that the phrase "construction of any public works involving engineering or architecture" includes repairs and is not limited to new construction. The question of whether a particular project falls within the subchapter of course requires a factual determination in each instance.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh