The Honorable Jimmy Jeffress State Senator Post Office Box 904 Crossett, Arkansas 71635-0904
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following question concerning school districts' grievance policies and the right of school employees to file grievances:
 Are employees entitled to file and have grievances heard when the grievances raise concerns about a reprimand, evaluation or directive?
RESPONSE
In my opinion, the answer to this question is "no" under state law. I believe individual school districts may adopt grievance policies that apply a grievance procedure to the matter of a reprimand or other negative evaluation. But in my opinion they are not required to do so under state law.
As background for this question, you report that many school districts have adopted grievance policies that define "grievance" similar to the following:
 Grievance: a claim or concern related to the interpretation, application, or claimed violation of the personnel policies, including salary schedules, federal or state laws and regulations, or terms or conditions of employment, raised by an individual employee of this school district. Other matters for which the means of resolution are *Page 2 
provided or foreclosed by statute or administrative procedures shall not be considered grievances. Specifically, no grievance may be entertained against a supervisor for directing, instructing, reprimanding, or `writing up' an employee under his/her supervision. A group of employees who have the same grievance may file a group grievance.
You further report that many districts have adopted policies containing the following language:
 The grievance procedure may not be used for the purpose of challenging, attempting to remove from a personnel file, or otherwise objecting to, any evaluation of an employee's performance, behavior, etc., whether by way of a formal or informal evaluation or any other assessment, written or verbal. The only appropriate response to such an evaluation to which the employee objects is for the employee to place a written response in his/her personnel file.
It seems clear that the above policies do not allow the filing of grievances concerning reprimands, evaluations or directives. Accordingly, it is necessary to determine whether state law nevertheless overrides such policies and entitles school employees to file grievances when they are reprimanded, given a directive, or otherwise evaluated by a supervisor. In my opinion, state law does not override the policies. I find the above policies to be generally consistent with the state law that requires school districts to have written grievance procedures. A.C.A. § 6-17-208 (Repl. 2007).[1] I will note, however, that state law does provide for an appeal to the school board when a determination is made that the concern raised by the employee is not a grievance. Id. at (b)(2)(A). I will further note that I find nothing to prevent a district from applying a grievance procedure to the matter of a reprimand or other negative evaluation. *Page 3 
Pursuant to A.C.A. § 6-17-208(a)(1)(B)(i), "[a]ll school employees shall have the right to file grievances and have those grievances heard." A "grievance" is defined as "any concern related to personnel policy, salary, federal or state laws and regulations, orterms or conditions of employment raised by an employee."Id. at (a)(2)(A) (emphasis added). You have expressed the view that when an employee is reprimanded or given a negative evaluation or a directive, the conditions of his or her employment have changed; and consequently the employee should be able to grieve these matters in an effort to prove that there is no justification for the reprimand or poor evaluation.[2] While, loosely speaking, it might be said that such actions by the employer affect the conditions of the employee's employment, in my opinion this is not what the "grievance" definition is referring to when it includes concerns related to "terms or conditions of employment."
The latter phrase is not defined by section 6-17-208, but one of the statutes governing school districts' personnel policies includes the following as "terms and conditions of employment": "(1) Benefits; (2) Compensation; (3) Designation of workdays; (4) Holidays and noninstructional days; (5) The annual calendar; (6)Methods of evaluations; (7) Extra duties; (8) Leave; (9) Grievances; (10) Dismissal or nonrenewal; (11) Reduction in force; and (12) Assignment of teacher aides." A.C.A. § 6-17-201(c) (Repl. 2007) (emphasis added).[3] I believe it is appropriate to consider this statute when determining the legislative intent under section 6-17-208, and specifically what constitutes "terms and conditions of employment" for purposes of the latter statute. It is of course well-established that in construing any statute, it may be necessary and appropriate to place undefined terms beside other statutes relevant to the subject and given a meaning and effect derived from the combined whole. City of Blytheville v. McCormick,56 Ark. App. 149, 939 S.W.2d 855 (1997). It may also be appropriate to consider the context in which the terms are used. Bush v.State, 338 Ark. 772, 776, 2 S.W.3d 761 (1999) ("It is axiomatic that the meaning of certain words or phrases cannot be *Page 4 
determined in isolation, but must be drawn from the context in which they are used"). Additionally, new legislation must be construed with reference to existing legislation on the same subject. Otisv. State, 355 Ark. 590, 614, 142 S.W.3d 615 (2004); NewtonCounty Republican Central Committee v. Clark, 228 Ark. 965,311 S.W.2d 774 (1958). I note in this regard that A.C.A. §6-17-208, requiring written grievance procedures and referring to "terms or conditions of employment," was enacted in 1991 (seeAct 558 of 1991), after the enactment of the personnel policies statute, A.C.A. §6-17-201, in 1987 (see Act 687 of 1987).
These principles of statutory construction lead me to conclude that while employees likely have a right to file grievances concerning "methods of evaluations," see A.C.A. § 6-17-201(c), the particular evaluations themselves are not "terms or conditions of employment" as contemplated by A.C.A. § 6-17-208. I believe the same analysis extends to a particular "write up" or directive under the examples you have provided. In my opinion, it is unlikely that such matters are included within section 6-17-208's definition of "grievance."
I am bolstered in this conclusion by the fact that the Teacher Fair Dismissal Act, A.C.A. §§ 6-17-1501 — 1510, gives employees a right to respond in writing to negative evaluations in their personnel files. Id. at-1505(b) ("The teacher may submit for inclusion in the file written information in response to any of the material contained therein.").[4] I believe it reasonably follows that this is the applicable procedure for expressing concerns regarding individual evaluations. *Page 5 
I feel obliged, however, to mention a case, Releford v. PineBluff Sch. Dist. No. 3, 355 Ark. 503, 140 S.W.3d 483 (2004), in which the Arkansas Supreme Court observed that "§ 6-17-208(b) allows all school employees to challenge or appeal any disciplinaryactions or other grievances through the administration. . . ."355 Ark. at 509 (emphasis added). Given the disciplinary nature of a reprimand or a write-up, this statement in Releford would appear to support the view that employees have a right to file grievances concerning such actions. I am not inclined, however, to modify my opinion in light of Releford, primarily because I consider the statement concerning section 6-17-208 as dictum. The issue before the court was whether an employee is entitled to a hearing under the Arkansas Public Employee Fair Hearing Act, codified at A.C.A. § 6-17-1701 et seq., on a disciplinary suspension. The court looked to the Fair Hearing Act's plain language and concluded that no hearing is required in that situation, when only a suspension is in issue. 355 Ark. at 508. The disposition of the case did not turn on section 6-17-208.
Additionally, the dictum in Releford concerning section 6-17-208 appears to have been prompted by the facts of that particular case, which involved a suspension without pay. Concerns related to salary are plainly included within A.C.A. § 6-17-208's definition of "grievance." To reiterate: "`Grievance' means any concern related to personnel policy, salary, federal or state laws and regulations, or terms or conditions of employment raised by an employee." Id. at (a)(2)(A). If faced squarely with the question, I believe the court would agree that section 6-17-208 is not authority for filing grievances when employees are reprimanded, given directives, or otherwise receive negative evaluations.
I will note in closing, however, that I find nothing to prevent a school district from applying a grievance procedure to the matter of a reprimand or other negative evaluation. Cf. Op. Att'y Gen.93-039 (opining that "[t]here is nothing in A.C.A. § 6-17-1505 which would preclude a school district from applying a grievance procedure to matters upon which the teacher has filed a response in his or her personnel file.") Accordingly, a conclusive response to your question requires reference to each district's grievance policies. Finally, some mention should be made of A.C.A. § 6-17-208(b)(2)(A), which provides that "[t]he determination by the principal, superintendent, or their designees that the concern expressed by the employee is not a grievance may be appealed to the school board of directors for a final decision." *Page 6 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Subsection 6-17-208(a)(1)(A) provides: "It is the public policy of the State of Arkansas that . . . each school district shall have a written grievance procedure that provides for the orderly method of resolving concerns raised by an employee at the lowest possible administrative level and in a clear and timely manner for both parties[.]"
[2] As an example of an evaluation and a directive, you describe a scenario in which an employee is evaluated, told they are not doing their job correctly, and directed to take certain action to improve their job performance. To illustrate a reprimand, you note that an employer might "write up" an employee for being late to work.
[3] School districts are required, pursuant to A.C.A. § 6-17-201(a), to have "written personnel policies; and "personnel policies" means "all school district policies, guidelines, regulations, and procedures that pertain to the terms and conditions of a teacher's employment." Id. at (b).
[4] Supervisors are required, pursuant to A.C.A. § 6-17-1504, to document employees' performance deficiencies, as well as efforts undertaken to assist in correcting the problems. Subsection 6-17-1504(b) provides:
 (b) When a superintendent or other school administrator charged with the supervision of a teacher believes or has reason to believe that a teacher is having difficulties or problems meeting the expectations of the school district or its administration and the administrator believes or has reason to believe that the problems could lead to termination or nonrenewal of contract, the administrator shall:
 (1) Bring in writing the problems and difficulties to the attention of the teacher involved; and
 (2) Document the efforts that have been undertaken to assist the teacher to correct whatever appears to be the cause for potential termination or nonrenewal.